UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES DAVID MCCLAIN,<br><br>      Petitioner,<br><br> v.<br><br>K.G. OLSEN, *et al.*,<br><br>      Respondents. | Case No. 3:22-cv-00438-MMD-CLB<br><br>ORDER |

Petitioner James David McClain, a *pro se* Nevada prisoner, has filed a petition for a writ of mandamus. (ECF No. 1-1 ("Petition").) Following initial review, the Court dismisses McClain's Petition due to multiple substantial defects.

I. **BACKGROUND**[1]

In 2012, McClain was convicted, under a guilty plea, of two counts of sexual assault of a child under 14 years of age. McClain was sentenced to two consecutive sentences of life with eligibility for parole after 35 years. McClain did not file a direct appeal and instead petitioned the state court for postconviction relief in early January 2013. The state district court dismissed McClain's petition. McClain appealed, and the Nevada Supreme Court affirmed on January 16, 2014.

McClain filed a federal habeas petition in *McClain v. LeGrand*, Case No. 3:14-cv-00269-MMD-CLB (D. Nev. May 23, 2014). This Court held an evidentiary hearing on September 23, 2020, and September 24, 2020. On March 18, 2021, this Court

---

[1]The Court takes judicial notice of the online docket records of the Nevada appellate courts. These docket records may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do. The Court also takes judicial notice of its docket records in *McClain v. LeGrand*, Case No. 3:14-cv-00269-MMD-CLB.

1

conditionally granted ground 4 of the petition. This Court vacated the state court judgment of conviction, the guilty plea, and the waiver of preliminary hearing. This Court then ordered that McClain "be released from custody . . . unless the State files a written election . . . to try Petitioner and thereafter commences jury selection in the trial, or otherwise pursues the criminal matter through to a conclusion in the state district court without trial." This Court stated that the deadlines for compliance with the order were "subject to reasonable request for modification . . . by any party." Judgment was entered.

On November 17-19, 2021, McClain was tried. McClain was convicted of four counts of sexual assault on a child under the age of 16 years with substantial bodily harm, seven counts of sexual assault on a child under the age of 14 years, and one count of abuse, neglect, or endangerment of a child. On February 15, 2022, McClain was sentenced to, *inter alia*, four consecutive sentences of life without the possibility of parole. McClain filed a direct appeal on February 23, 2022. McClain's direct appeal is currently pending with the Nevada Supreme Court.

In his Petition here, McClain seeks "a remedy under NRS Chapter 34 . . . to order the Nevada Supreme Court to suspend all proceedings due to [a] lack of jurisdiction." (ECF No. 1-1 at 3.) McClain also seeks for this Court to: (1) dismiss the charges against him; (2) order his immediate release from the Nevada Department of Corrections; and (3) order the Social Security Administration to give him his backpay of S.S.I. benefits. (*Id.*)[2]

///
///
///

---

[2]It appears that McClain's Petition is based on his allegation that the state violated this Court's previous order conditionally granting relief because he was not tried within the time period prescribed by this Court. However, on August 26, 2021, this Court granted the parties' stipulation to alter or amend the judgment and ordered that "[t]he time to commence jury selection in a trial . . . is extended up to and including Monday, November 29, 2021." McClain's trial timely commenced on November 17, 2021. On December 7, 2021, this Court "ordered that the conditional writ . . . is satisfied."

## II. DISCUSSION

### A. Commencement

McClain did not pay the filing fee, and he did not file an application to proceed *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1914(a), the filing fee for "any civil action, suit or proceeding . . . whether by original process, removal or otherwise," except for an application for a writ of habeas corpus, is $350.00, to which is added a $52.00 administration fee. McClain did not file an application for a writ of habeas corpus in this action; instead, he petitions for a writ of mandamus. Therefore, the filing fee is $402.00. The Prisoner Litigation Reform Act allows the Court, on application, to permit McClain to pay the $402.00 fee in installments even if he is currently unable to pay the entire fee. But McClain neither paid the fee nor filed an application to proceed IFP to pay the fee in installments, so he has improperly commenced this action. *See* 28 U.S.C. § 1915.

### B. The Petition

McClain's Petition is subject to multiple substantial defects warranting dismissal without prejudice. First, this Court does not have jurisdiction over an action brought against the Nevada Supreme Court or the State of Nevada. McClain may not proceed directly against the State of Nevada or an arm of the State—such as a state supreme court—in federal court due to the state sovereign immunity recognized by the Eleventh Amendment. *See, e.g., O'Connor v. Nevada*, 686 F.2d 749 (9th Cir. 1982) ("It is clear that under the eleventh amendment a state or its agencies cannot be sued in federal court without its consent.") State sovereign immunity bars an action against the State or an arm of the State in federal court regardless of the relief sought. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

Second, a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, prohibition, or an exercise of supervisory jurisdiction. *See, e.g., Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals*

3

*v. Feldman*, 460 U.S. 462, 482–86 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *Demos v. United States Dist. Ct.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (finding the federal court of appeals did not have jurisdiction to issue a writ of mandamus to a state court). Generally, the *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2007) (internal citation omitted). If McClain wishes to seek collateral review of his conviction in federal court, he must file a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254, not a petition for a writ of mandamus.[3]

Third, to the extent that McClain challenges his judgment of conviction other than through a habeas petition, his civil action is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). An inmate in custody under a judgment of conviction may not pursue claims that necessarily challenge the validity of that conviction in a federal civil action other than in a federal habeas action. *Id*.

And fourth, the Petition fails to state a claim upon which relief may be granted under federal law. Nevada state statutes do not apply to determine the mandamus authority of a federal district court.

///
///
///
///
///
///
///
///

---

[3]The All Writs Act, 28 U.S.C. § 1651, does not provide an independent basis for jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33–34 (2002).

### III. CONCLUSION

It is therefore ordered that the Clerk of Court file the writ of mandamus (ECF No. 1-1).

It is further ordered that the writ of mandamus (ECF No. 1-1) is dismissed without prejudice. A certificate of appealability is denied, as reasonable jurists would not find the dismissal of this action without prejudice to be debatable or wrong.

It is further ordered that the Clerk of Court enter final judgment accordingly and close this case.

DATED THIS 28th Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE